# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ANTHONY EUGENE MOORE | § |
| | § |
| V. | §      A-18-CA-104-LY |
| | § |
| LORIE DAVIS | § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:      THE HONORABLE LEE YEAKEL
           UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 6); and Petitioner's response thereto (Document 8-9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed to the extent Petitioner challenges his time credits and denied to the extent Petitioner challenges the denial of parole.

## STATEMENT OF THE CASE

**A.**      **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. Petitioner was convicted of burglary of a building and sentenced to 35 years in prison. Petitioner does not

challenge his holding conviction. Rather, he challenges his time credits and the denial of parole. Petitioner filed a state application for habeas corpus presenting the same claims together with a claim that challenged the legality of his conviction and sentence. The Texas Court of Criminal Appeals dismissed the application as subsequent in January 2018. *Ex parte Moore*, No. WR-24,502-12.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His flat time, good time, and work time credits do not reflect the actual time served; and

2. TDCJ violated the law and his due process rights by denying his parole repeatedly for retaliatory reasons.

**C.     Exhaustion of State Court Remedies**

Respondent contends Petitioner did not exhaust his state court remedies. She explains the Texas Court of Criminal Appeals dismissed Petitioner's state application as subsequent, because Petitioner combined the instant claims with claims he should have or already had presented to the Texas Court of Criminal Appeals. Respondent urges the Court to deny Petitioner's application for habeas corpus relief on the merits and alternatively moves to dismiss Petitioner's application for failure to exhaust his state court remedies.

## DISCUSSION AND ANALYSIS

**A.     Time Credits**

Petitioner asserts he feels like he should have more flat, good, and work time credits. He believes his mandatory supervision date should be different. Respondent asserts Petitioner has only offered brief and conclusory statements in his federal petition without any evidentiary support.

In his response Petitioner attempts to explain his claim more clearly. On October 6, 2016, Petitioner obtained a time sheet from TDCJ indicating his minimum expiration date was September 18, 2019. On September 5, 2017, Petitioner obtained a new time sheet from TDCJ indicating his minimum expiration date was October 21, 2019. Petitioner indicates there was no change in his time earning class and he did not lose any good time credits. He concludes TDCJ extended his minimum expiration date without reason. Petitioner submitted an inmate grievance in an attempt to resolve this issue. He was informed he must submit a time credit dispute resolution form ("TDR"). Petitioner apparently submitted a TDR as instructed but was notified an offender is only allowed one TDR review per year. Because he had a review in June 2017, Petitioner is not eligible for another review until June 16, 2018.

The procedure for disputing time-served credit is found under section 501.0081 of the Texas Government Code. Under that section, prisoners are required to seek administrative review of their time-credit disputes by filing a TDR before filing a state habeas application. Petitioner has not yet submitted a TDR with regard to the unexplained change in his minimum expiration date and has not filed a state habeas application following the resolution of the TDR. Accordingly, Petitioner has not properly exhausted his state court remedies with respect to his current time-credit dispute.

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). Section 2254(b) provides:

    (1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *See generally, Castille*, 489 U.S. at 351.

The exhaustion requirement can be excused when exceptional circumstances exist. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies with respect to his time-credit dispute and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

**B.     Parole Denials**

Petitioner complains he has been denied parole the last four times he has been reviewed. Petitioner asserts he is "not too much of a threat to society" and is currently in truck driving school. He also notes he has not had a disciplinary case in over two years. He believes the Parole Board is retaliating against him by denying him parole.

The United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Id.* at 308) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather,

he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with <u>complete discretion</u> to grant, or to deny parole release. . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

To the extent Petitioner may also be attempting to raise a separate claim of retaliation, his claim fails. To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). Petitioner has not met this standard. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Rather, his claim is based only on the conclusory allegation that because his parole was denied there is necessarily causation. His personal belief that he is a victim of retaliation is insufficient to raise a meritorious retaliation claim.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed in part and denied in part. Petitioner's application challenging his time credits should be dismissed without prejudice for failure to exhaust state court remedies. Petitioner's application challenging the denial of parole should be denied.

# CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

7

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED this 20th day of April, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE